IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

TRW & ASSOCIATES, INC., a Florida Corporation, RELIANT CONTRACTING, INC., a Florida corporation, DONALD L. COHAGEN, III, an individual,

    Plaintiffs,

vs.

ENDURANCE AMERICAN INSURANCE COMPANY d/b/a ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY,

    Defendant
                                                                 /

Case No.     10-CA-23947

Division     DIVISION F

RECEIVED
DEC 1 7 2010

CLERK OF CIRCUIT COURT
HILLSBOROUGH COUNTY, FL

## COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

The Plaintiff(s), TRW & ASSOCIATES, INC ("TRW"), a Florida Corporation, RELIANT CONTRACTING, INC ("RELIANT"), a Florida corporation, and DONALD L COHAGEN, III ("COHAGEN"), an individual, by and through undersigned counsel, hereby sue the Defendant, ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY ("ENDURANCE"), for Declaratory Relief under Chapter 86, Florida Statutes and allege as follows

### PARTIES

1    At all times relevant, Plaintiff, TRW & ASSOCIATES, INC ("TRW"), was and is a Florida corporation with its principal place of business in Hillsborough County, Florida

2    At all times relevant, Plaintiff, RELIANT CONTRACTING, INC ("RELIANT"), was and is a Florida corporation with its principal place of business in Hillsborough County, Florida

3       At all times relevant, Plaintiff, DONALD L COHAGEN, III ("COHAGEN"), was and is an individual residing in Hillsborough County, Florida

4       Upon information and belief, Defendant, ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY, was and is a foreign corporation licensed by the state of Florida and authorized to engage in the business of insurance with Florida citizens

## JURISDICTION / VENUE

5       This is an action for damages in excess of $15,000 00, exclusive of interests, cost, and attorney's fees

6       Venue is proper in this Court because the subject policy was issued in Hillsborough County, Florida and because ENDURANCE conducts business within Hillsborough County, Florida

7       This Court has subject matter jurisdiction over this action because it is an action for declaratory relief, brought pursuant to Florida Statutes Chapter 86, and the amount in controversy is within the jurisdictional limits of this Court

## GROUNDS FOR DECLARATORY RELIEF

8       In consideration for the premiums paid to it, ENDURANCE issued TRW a professional liability policy of insurance bearing Policy No PPL10001791500 (the "Policy"), which is a renewal of Policy No PPL10001116200 A true and correct copy of the Policy Declaration is attached hereto as **EXHIBIT "A."**

9  Upon information and belief, ENDURANCE has a true and accurate copy of the full Policy at issue Pursuant to Florida Statutes § 627 4137, TRW shall make a formal request for a certified copy of the Policy to ENDURANCE

10  The Policy insured TRW, the named insured, and independent contractors performing professional services on behalf and at the direction or supervision of the named insured, TRW

11  At all times relevant, the Policy was in full force and effect The Policy in question was issued with an initial policy period of OCTOBER 30, 2008 through OCTOBER 30, 2009 Thereafter, the Policy was renewed on an annual basis

12  On or about October 2010, TRW timely provided ENDURANCE notice of a claim recently made by a third party, GRAMERCY CAPITAL CORP ("GRAMERCY"), concerning professional services rendered during the Policy period

13  TRW provided the Complaint (Case No 10-17544) filed by GRAMERCY to ENDURANCE A true and correct copy of the Complaint filed by GRAMERCY is attached hereto as **EXHIBIT "B."**

14  GRAMERCY's Complaint alleges wrongful acts, including, but not limited to, negligent misrepresentation and breach of contract

15  Although TRW maintains the allegations asserted by GRAMERCY are groundless, false, and/or fraudulent, TRW, on behalf of itself and certain independent contractors, requested the assignment of counsel and an immediate response filed on their behalf To this end, the policy provides

### I.  INSURING AGREEMENTS

A  The **Company** shall pay **Damages** and **Claim Expenses** on behalf of the **Insured** resulting from any **Claim** first made against the **Insured** and reported to the Company in writing during the **Policy Period** for any **Wrongful Act** or **Personal and Advertising Injury** committed on or after the **Retroactive Date** and before the Policy terminates

B     **Defense.** As part of and subject to the Limits of Liability, the **Company** shall have the right and duty to defend any **Claim** against the **Insured** even if any of the allegations of the **Claim** are groundless, false, or fraudulent

## II. DEFINITIONS

D     "**Claim**" means a demand received by the Insured for money and alleging a Wrongful Act, including the service of suit

E     "**Claim Expenses**" means

1     Fees charged by any lawyer selected by mutual agreement between the Company and the Insured

2     All other reasonable fees, costs and expenses resulting from the investigation and defense of a Claim

G     "**Damages**" means monetary judgments or settlements and includes punitive or exemplary damages

I     "**Insured**" means the Named Insured, any Insured Person and any of the following persons

1     Independent contractors but only for **Professional Services** performed on behalf and at the direction of the **Named Insured**

2     Leased employees but only for **Professional Services** performed while acting under the direct supervision and exclusively on behalf of the **Named Insured**

J     "**Insured Person**" means any natural person who was, is or becomes a principal, partner, managing member, officer, director, employee or **Volunteer** of the **Named Insured**, but only why in the performance of **Professional Services** on behalf of the **Named Insured**

N     "**Professional Services**" means only those services the **Insured** is legally obligated to perform for others in the **Insured's** capacity as construction manager or technical consultant

R     "**Wrongful Act**" means any actual or alleged act, error or omission committed or attempted solely in the performance of or failure to perform **Professional Services** by an Insured or by any other person for whose acts the **Named Insured** is legally liable

16  Notwithstanding TRW's timely notice, ENDURANCE failed to investigate and refused to defend Rather, a month later, ENDURANCE merely disclaimed coverage in its letter dated November 11, 2010 A true and correct copy of the ENDURANCE letter dated November 11, 2010 is attached hereto as **EXHIBIT "C."**

17  Per the Policy, TRW, RELIANT, and COHAGEN did not admit any liability, make any payment to GRAMERCY, settle any claims, or assume any obligation

18  In order to avoid a Default Judgment, TRW, RELIANT and COHAGEN were compelled to respond to the Complaint (Exhibit "B") and incur fees, costs, and expenses A true and correct copy of the (1) Answer, Affirmative Defenses, and Counterclaim *and* (2) First Amended Answer, Affirmative Defenses, and Counterclaim are attached hereto as composite **EXHIBIT "C."**

19  At all times relevant, TRW, RELIANT and COHAGEN agreed to cooperate with ENDURANCE in the defense

## COUNT I
### (Breach Of Contract - Duty To Defend)

20  TRW re-alleges Paragraphs one (1) through nineteen (19) as if fully set forth herein and further state

21  This is a cause of action for breach of contract arising out of an insurance policy that was in effect at the time of the alleged conduct

22  In exchange for premiums received and paid, ENDURANCE issued a claims-made and reported policy insuring TRW, the named insured, along with independent contractors performing professional services on behalf and at the direction or supervision of TRW

23  GRAMERCY filed a Complaint against TRW, RELIANT and COHAGEN asserting multiple causes of action, including negligence and breach of contract

24      The Complaint concerns acts, errors, omissions and alleged conduct that took place between October 30, 2008 and October 30, 2010

25      The Policy was in force and effect between October 30, 2008 and October 30, 2010

26      The Policy provides ENDURANCE with the right and duty to defend against claims concerning the performance of professional services during the Policy period

27      Professional services may include decisions concerning financing, time and cost consequences, scheduling, negotiations, awards, purchasing, budgeting, monitoring, and many other activities that an insured may be legally obligated to perform on a project

28      The Policy at issue was written on an annual basis and not designed to cover a specific project

29      Once notified, TRW reported the claim to ENDURANCE in a timely manner

30      TRW reported the claim during the Policy period

31.     In response, ENDURANCE assigned an adjuster and/or representative to examine the claim

32      A month after being notified and without an investigation, ENDURANCE disclaimed coverage and refused to defend

33      As a direct result of ENDURANCE's breach of its insurance contract, TRW has incurred, and continue to incur, cost(s), fees, and expenses associated with the Complaint asserted by GRAMERCY

34      As a direct result of ENDURANCE's breach of its insurance contract, TRW has incurred consequential damages that were reasonably foreseeable in the event that there was a breach of the insurance contract

35	As a direct result of ENDURANCE's breach of its insurance contract, TRW was forced to retain counsel and are obligated to pay reasonable attorneys' fees and costs in connection with the prosecution of this action and defense of the action asserted by GRAMERCY  TRW is entitled to reimbursement of these fees and costs pursuant to Florida Statutes § 627 428

WHEREFORE, Plaintiff, TRW, respectfully requests this Court enter a judgment in its favor and against ENDURANCE for all

A	General compensatory damages,

B	Consequential damages,

C	Interest,

D	Attorneys fees and costs associated with the instant litigation,

E	Costs incurred as a result of the instant litigation, and,

F	Any such other and further relief as this Court deems just and appropriate

## COUNT II
### (Breach of the Common Law Obligation of Good Faith and Fair Dealing)

36	TRW re-alleges Paragraphs one (1) through nineteen (19) as if fully set forth herein and further states

37	In consideration for the premium paid to it, ENDURANCE contractually agreed to promptly and fully indemnify and defend TRW, the named insured, along with independent contractors for all loss(es) occurring during the Policy period

38	In Florida, there is a common law obligation of good faith and fair dealing inherently found as a material term of every contract, including insurance contracts  ENDURANCE assumed these duties when entering into the insurance contract with TRW

39      Pursuant to the terms and conditions of the insurance contract, TRW has a right to a defense from ENDURANCE against claims concerning the performance of professional services during the Policy period

40      Pursuant to the terms and conditions of the insurance contract, TRW has a right to prompt indemnification for covered claims

41      Pursuant to the terms and conditions of the insurance contract, independent contractors performing professional services on behalf and at the direction or supervision of TRW have a right to a defense from ENDURANCE against claims concerning the performance of professional services during the Policy period

42      Pursuant to the terms and conditions of the insurance contract, independent contractors performing professional services on behalf and at the direction or supervision of TRW have a right to prompt indemnification for covered claims

43      TRW also has the right to a fair, prompt, and proper investigation after reporting claims to ENDURANCE concerning the performance of professional services during the Policy period

44      ENDURANCE has breached its obligation of good faith and fair dealing by, among other things

    A      Failing to fairly and promptly investigate GRAMERCY's claims,

    B      Failing to provide a defense notwithstanding indemnification, and,

    C      Failing to fairly and promptly settle GRAMERCY's claims

45      ENDURANCE's breach of its common law obligation of good faith and fair dealing is a breach of the insurance contract

46  As a direct result of ENDURANCE's breach of its insurance contract and common law obligations of good faith and fair dealing, TRW has incurred, and continues to incur, cost(s), fees, and expenses associated with the Complaint asserted by GRAMERCY

47  As a direct result of ENDURANCE's breach of its insurance contract and common law obligations of good faith and fair dealing, TRW has incurred consequential damages that were reasonably foreseeable in the event that there was a breach of the insurance contract

48  As a direct result of ENDURANCE's breach of its insurance contract and common law obligations of good faith and fair dealing, TRW was forced to retain counsel and is obligated to pay reasonable attorneys' fees and costs in connection with the prosecution of this action and defense of the action asserted by GRAMERCY  TRW is entitled to reimbursement of these fees and costs pursuant to Florida Statutes § 627 428

WHEREFORE, Plaintiff, TRW, respectfully requests this Court enter a judgment in its favor and against ENDURANCE for all

    A    General compensatory damages,

    B    Consequential damages,

    C    Interest,

    D    Attorneys fees and costs associated with the instant litigation,

    E    Costs incurred as a result of the instant litigation, and,

    F    Any such other and further relief as this Court deems just and appropriate

## COUNT III
### (Request for Declaratory Relief)

49  TRW, RELIANT and COHAGEN re-allege Paragraphs one (1) through nineteen (19) as if fully set forth herein and further state

50   Pursuant to the terms and conditions of the insurance contract, TRW has a right to a defense from ENDURANCE against claims concerning the performance of professional services during the Policy period

51   Pursuant to the terms and conditions of the insurance contract, TRW has a right to prompt indemnification for covered claims

52   Pursuant to the terms and conditions of the insurance contract, independent contractors performing professional services on behalf and at the direction or supervision of TRW have a right to a defense from ENDURANCE against claims concerning the performance of professional services during the Policy period

53   Pursuant to the terms and conditions of the insurance contract, independent contractors performing professional services on behalf and at the direction or supervision of TRW have a right to prompt indemnification for covered claims

54   TRW, RELIANT, COHAGEN and ENDURANCE are in doubt and dispute of their rights and obligations under the aforementioned Policy of insurance   Such doubt and dispute has created a bona fide, actual and present adverse controversy between the Parties regarding the applicability of the above-stated Policy and demand for coverage and benefits

55   TRW, RELIANT, and COHAGEN are in need of immediate action from this Court in order to protect their legal rights and ability to obtain a defense in the action asserted by GRAMERCY concerning the performance of professional services during the Policy period

WHEREFORE, Plaintiffs, TRW, RELIANT and COHAGEN, respectfully request this Honorable Court enter a judgment and declare

    A   TRW, RELIANT and COHAGEN have a right to a defense from ENDURANCE against claims asserted by GRAMERCY concerning the performance of professional services during the Policy period,

B    TRW, RELIANT and COHAGEN have a right to prompt indemnification for covered claims,

C    TRW's Complaint for Breach of Contract and Breach of the Common Law Obligation of Good Faith and Fair Dealing is stayed pending the outcome of the GRAMERCY litigation, and,

D    Any such other and further relief that this Court deems just and appropriate

### DEMAND FOR JURY TRIAL

TRW, RELIANT and COHAGEN demand a trial by jury on all issues so triable

Respectfully submitted,

ZARITSKY LAW GROUP, P.A.

*/s/ Michael A. Zaritsky*

**Michael A. Zaritsky, Esquire**
Florida Bar Number 0090395
5012 W Lemon Street
Tampa, Florida 33602
Telephone (813) 286-0000
Facsimile (813) 482-0011
michael@zaritskylaw com
Counsel for Defendants